UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOHN H. BALSEWICZ**, *also known as*
**MELISSA BALSEWICZ,**

    Plaintiff,

  v.                        Case No. 21-CV-746

**JAMIE MOUNGEY,** *et al.***,**

    Defendants.

---

## ORDER

On October 27, 2022, *pro se* plaintiff John H. Balsewicz a/k/a Melissa Balsewicz filed a motion requesting that the court reconsider its decision to granting summary judgment in favor of defendants Sgt. Johnathan Pawlyk, Anthony Meli, Yana Puisch and Leigha Weber on a claim for failure to exhaust administrative remedies against them on that claim and its decision to dismiss Meli, Puisch, and Weber because no claims against them remained. (ECF No. 61.) Balsewicz asserts that the court improperly decided not to consider inmate complaints filed after the lawsuit was commenced as evidence of exhaustion against the above-mentioned defendants, and that the court should have determined the two unnumbered inmate complaints were evidence of the exhaustion of administrative remedies.

Balsewicz does not cite a Federal Rule in support of her motion. There are two possible rules that could apply—Federal Rule of Civil Procedure 59(e) and Federal

Rule of Civil Procedure 60(b). Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12, (7th Cir. 2007)). Rule 60(b) allows a court within a "reasonable time" after entry of judgment to grant relief from a final judgment for a specific set of reasons, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or fraud or misconduct. Rule 60(b)(6) allows a court to grant relief from judgment for "any other reason that justifies relief," but the movant seeking such relief "must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Balzewicz does not present evidence of a manifest error of law or newly discovered evidence. Nor does she demonstrate circumstances that would justify relief under Rule 60(b). At most she takes issue with the way the court evaluated and applied the law to her inmate grievances. This is not a basis for granting relief from judgment. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). As such, her motion is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Balsewicz's motion for reconsideration (ECF No. 61) is **DENIED**.

Dated in Milwaukee, Wisconsin this 17th day of November, 2022.

                                                BY THE COURT

*William E. Duffin*

                                                WILLIAM E. DUFFIN
                                                United States Magistrate Judge